**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **CHAPTER 11 CASE** |
| | § | |
| **CONNECT TRANSPORT, L.L.C.,** *et al.,* | § | **CASE NO. 16-33971-hdh-11** |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

**Global Notes and Statement of Limitations, Methodology,
and Disclaimers Regarding the Debtors' Schedules and Statement**

Debtors Connect Transport, L.L.C. ("Connect Transport"), Murphy Energy Corporation ("MEC") and their respective parent and subsidiary debtor entities (collectively, the "Affiliates"),[1] as debtors and debtors-in-possession (collectively, the "Debtors") in the above captioned cases (the "Cases"), each commenced voluntary chapter 11 petitions on October 4, 2016 (the "Petition Date").

In keeping with the Debtors' historical consolidated reporting, the Debtors file these Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "SOFA" and collectively with the Schedules, the "Schedules and Statement") for all Debtors. The Schedules and Statement are filed in each of the Debtors' respective Chapter 11 case pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

The following Schedules and accompanying Statement of Financial Affairs were prepared based upon the most current information available from the Debtors' books and records as well as reference to other sources of data and information. The Debtors, in the normal course of their business, do not prepare separate entity financial statements or reports, although detail data is may be captured by entity. The Debtors have experienced difficulties with their financial reporting systems for an extended period due in part to the fact that the systems are not fully integrated and certain inherent incompatibilities with the Debtors' business and reporting needs. Consequently, the Debtors' most recent close of its books and records was through the month of June 2016.

The Debtors and their professionals have engaged in and employed reasonable means and processes to prepare the Schedules and accompanying Statement of Financial Affairs based upon the most reliable data and information available under the circumstances. Accordingly, the Schedules and accompanying Statement of Financial Affairs may contain inaccuracies or be lacking certain information for a complete and accurate presentation of the Debtors' assets, liabilities and financial affairs. The Debtors and their professionals will continue efforts to identify areas of insufficient disclosure, missing or inaccurate information or data. The

---

1 The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Murphy Energy Corporation (6520); Murphy Holdings, Inc. (5447); Connect Terminals, LLC (8999); Connect Transport, LLC (6498); MG Rolling Stock Land, LLC (8749); Murphy Terminal, LLC (3482); Big Rig Tanker, LLC (8517); Port Hudson Terminal, LLC (5596); Port Allen Terminal, LLC (5058).

Schedules and Statement will be amended as deemed appropriate and necessary for a complete and accurate disclosure of the Debtors' assets, liabilities and financial affairs.

While the Debtors have made reasonable efforts to ensure that the Schedules and Statement are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statement, and inadvertent errors or omissions may exist. Moreover, because the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statement are 100% complete and accurate. Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to these Chapter 11 cases and specifically with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the bankruptcy code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules and Statement (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statement, and should be referred to and reviewed in connection with any review of the Schedules and Statement.

Unless noted below or in the Schedules and Statement, all assets and liabilities should be deemed as belonging to, or asserted against, the entity in which case the Schedules and Statement are filed. Notwithstanding the potential for certain creditors to assert claims jointly against more than one bankruptcy estate, such creditors are entitled to a single payment on account of such claim. The ability to assert claims against multiple estates shall not entitle any creditor to multiple payments or recoveries on account of the same underlying obligation.

## Amendment

While reasonable efforts were made to file complete and accurate Schedules and Statement, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement their Schedules and Statement as is necessary and appropriate.

## Basis of Presentation

These Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles.

## Current Market Value of Assets

It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. With the exception of the appraisal of certain motor vehicles in May 2016, the Debtors do not have appraisals of their assets. The asset values presented in the Schedules are based upon the best information available at this time and may not be representative of fair market value. The actual amount realized on the sale of particular assets, or groups of assets, in a sale to third parties may differ significantly from the amounts presented herein. For this reason, the amount ultimately

realized from assets may vary from book value and such variance may be material. Exceptions to this include operating cash and certain other assets. Values for accounts receivable are shown as a gross amount as of the Petition Date, without reducing for the cost of collection, the likelihood the some accounts may be uncollectible, and the rights that such account debtors may have to net or offset claims against such accounts receivable.

**Excluded Assets and Liabilities**

The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statement such as good will, ordinary course employee benefit accruals, and deferred assets, losses and gains. Other nonmaterial assets and liabilities may also have been excluded.

**General Reservation of Rights**

The Debtors specifically reserve the rights to amend, modify, supply, correct, change or alter any part of its Schedules and Statement as and to the extent necessary and appropriate.

**Causes of Action**

The Debtors, despite their efforts, may not have set forth all of their causes of action against third parties as assets in its Schedules and Statement. The Debtors reserves their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any such causes of action.

**Claims Description**

By failing to designate a claim on the Schedules and Statement as "disputed," "contingent," and/or "unliquidated," the Debtors indicate no intentions for such claim to be allowed and paid pursuant to the proposed plan. The Debtors reserve the right to amend the Schedules or object to any scheduled claims if they discover reasons to dispute any claims.[2] Moreover, these Schedules shall not be construed as an admission by the Debtors in the event that a creditor files a proof of claim. The Debtors expressly reserve the right to object to any filed claims.

**Explanation for Schedule F, Exhibit F-1 (in MEC, Case No. 16-9974)**

In MEC's Schedules, the Debtors have attached an Exhibit F-1, listing royalty interest owners in various oil and gas wells from which Murphy Energy Corporation is, or has been, the purchaser of hydrocarbon products. These parties are scheduled and disclosed in this manner due to the voluminous volume that would otherwise result from inclusion on Schedule F in the customary manner. These parties have all been noticed of the bankruptcy filing and the scheduled 341 hearing.

---

[2] If it becomes necessary to amend the Schedules for such purposes, the Debtors will agree to an extension of the claims bar date for the affected creditors. Presently, the Court has designated February 7, 2017, as the general claims bar date for non-government agency creditors.

Not every party listed on the Exhibit F-1 may be a creditor as of the Petition Date. However, as of the date of filing of its Schedules, the Debtors' third-party service provider had not completed the detail processing of the purchase data to enable the Debtors to know with clarity the amounts owed, if any, to each party listed. The Debtors will supplement Schedule F, as needed, to include the detail necessary to properly schedule any claims held by such parties. Moreover, if the circumstances require, the Debtors may be amenable to a brief extension of the general claims bar date (currently set for February 7, 2017), to allow such parties adequate time to file proofs of claim.

Additionally, the parties on the attached Exhibit F-1 may have lien rights under certain statutory provisions of various states, and in particular Oklahoma and Texas. Furthermore, the operators of the various oil and gas properties in which parties on the attached Exhibit F-1 own an interest may have a claim against MEC, which claim will likely include any claim amount of the parties listed on the attached Exhibit F-1. The Debtors reserve the right to object to any duplicative claims scheduled for, or filed by, a non-operating interest owner whose claim is included in any claim scheduled for, or filed by, an operator.

Lastly, the parties listed on the attached Exhibit F-1 as well as oil and gas operators may have a claim as a potential secured creditor under the aforementioned state oil and gas statutory provisions of various states. These creditors are listed on Schedule F rather than Schedule D because the Debtors do not yet have the requisite information necessary to trace title and custody of the crude oil and natural gas liquids products back through the various exchanges and/or purchase and sale transactions that may have occurred to determine with clarity those transactions for which the Debtors are an actual "first purchaser" of product. To this end, the Debtors have sought relief from the Bankruptcy Court to expedite the process of identifying transactions for which the Debtors are the first purchaser of hydrocarbon products. The Debtors reserve the right to object to, or otherwise seek a determination regarding the nature, extent, validity and priority of, any secured claim asserted by any operator or non-operating working interest owner, as set forth more fully in other pleadings and orders filed in the Bankruptcy Cases.

**Fill in this information to identify the case:**

Debtor name **Port Allen Terminal, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known) **16-33979**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals 12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*........................................................................................... $ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*........................................................................................ $ 0.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*........................................................................................... $ 0.00

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................. $ 0.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................ +$ 0.00

4. **Total liabilities** ...............................................................................................
   Lines 2 + 3a + 3b

   $ 0.00

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Port Allen Terminal, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known) **16-33979**

☐ Check if this is an amended filing

# Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

■ No. Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor    **Port Allen Terminal, LLC**                                    Case number *(If known)*  **16-33979**
          <span style="font-size:small">Name</span>

☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **Pipeline Right of Way and Servitude by and between Exxonmobil Pipeline Company, Grantor, and Port Allen Terminal, LLC, Grantee, dated February 5, 2016 for construction of a 6 inch pipeline for transportation of NGL products from the Port Allen facility into the Exxonmobil pipeline adjacent to the Port Allen facility. Ssubject to reversion to Grantor if Grantee does not transport product for a continuous period of 12 months.** | | $0.00 | | $0.00 |

56.  **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

| $0.00 |

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

| Debtor | **Port Allen Terminal, LLC** | Case number *(If known)* **16-33979** |
|---|---|---|
| | Name | |

■ No
☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐■ No
☐ Yes

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor  **Port Allen Terminal, LLC**                                        Case number *(If known)* **16-33979**
          Name

---

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Port Allen Terminal, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known) **16-33979**

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | Amount of claim | Value of collateral that supports this claim |
| | | Do not deduct the value of collateral. | |

| 2.1 | **Bank of America, N.A.** | Describe debtor's property that is subject to a lien | **$0.00** | **$0.00** |

Creditor's Name

**901 Main Street, 11th Floor
Dallas, TX 75201**

Creditor's mailing address

Describe the lien

Creditor's email address, if known

**Is the creditor an insider or related party?**

■ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply

**Do multiple creditors have an interest in the same property?**

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.   **$0.00**

### Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Port Allen Terminal, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **16-33979**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

    **1.**   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

       ☑ No. Go to Part 2.

       ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

    **3.**   **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* |
|---|---|---|
| | | ☐ Contingent |
| | | ☐ Unliquidated |
| | **Date or dates debt was incurred** ____ | ☐ Disputed |
| | **Last 4 digits of account number** ____ | **Basis for the claim:** _____ |
| | | Is the claim subject to offset? ☐ No ☐ Yes |

### Part 3:   List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

    If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ | 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 0.00 |

**Fill in this information to identify the case:**

Debtor name    **Port Allen Terminal, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **16-33979**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __**Port Allen Terminal, LLC**__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF TEXAS__

Case number (if known) __**16-33979**__

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | Street _____  <br> City ___ State ___ Zip Code ___ | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.2 _____ | Street _____  <br> City ___ State ___ Zip Code ___ | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.3 _____ | Street _____  <br> City ___ State ___ Zip Code ___ | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.4 _____ | Street _____  <br> City ___ State ___ Zip Code ___ | _____ | ☐ D <br> ☐ E/F <br> ☐ G |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy